## FITZPATRICK VS. WARREN.

REPLEVIN — SPECIAL PROPERTY — VERDICT. Under the statute which provides that in case the jury in the action of replevin, find for the defendants, the value of the property with adequate damages shall be assessed by the jury, and judgment be rendered in his favor for the value and damages so found. *Held :* 1. That it was error to award a writ for a return of the property in such case, instead of rendering the judgment prescribed by the statute. 2. That where the defendant had only a special property as bailee in the goods in question, there should be a special finding as to the nature, extent and value of his interest, with damages, so that the court may by its judgment do exact justice between the parties. 3. That where this course had not been pursued a new trial should be awarded to the end that a proper verdict might be obtained, upon which the court would be able to render a proper judgment.

ERROR to the District Court for *Iowa* County.

*Warren* commenced an action of replevin against *Fitzpatrick*, before a justice of the peace, for the unjust detention of one box and two barrels of merchandise. The property was replevied and appraised at $50. The transcript of the justice shows that the defendant pleaded pleas insisting upon a claim of title in himself to the goods in question. The justice found the property to be in defendant, and assessed its value at $49.99, and one cent damages. The defendant waived a return of the property, and the justice rendered judgment in favor of the defendant, for $50 and costs. *Warren*, the plaintiff, appealed to the district court, and upon trial, the jury found the property to be in the defendant, and assessed the value at $50, and the damages at one cent, whereupon the defendant waived a return of the property, and moved for a judgment for the value thereof. The

motion was overruled, the court offering to give judgment for a return, which was refused by the defendant. Subsequently the following judgment was entered:

"This day came the parties aforesaid, by their attorneys, and the court having on a previous day of the term, refused to give judgment in favor of defendant for the value of the property replevied (he having waived return and insisted upon judgment for the said value), for the reason that it appeared from the proofs on the trial of the case, that defendant *Fitzpatrick* was a common carrier, and had received the said property replevied from the agent of said plaintiff *Warren*, at Galena, Ill., to be carried to Mineral Point, Wisconsin Territory, for the said plaintiff Warren; that said property was so carried and offered to be delivered to said plaintiff *Warren*, at Mineral Point, who refused to pay the said carrier's charges, whereupon the said carrier (defendant) deposited the said property with Mr. Beech, a merchant at Mineral Point, until said charges were paid; and that said plaintiff's goods were there in the carrier's possession, and retained for payment of charges. Now, therefore, from the finding of the jury in this case, and the judgment thereon, it is hereby considered and adjudged that the said defendant *Fitzpatrick* have return of said property so as aforesaid, taken under and by virtue of the said writ of replevin; and that a writ *de retorno habendo* do issue herein in favor of said defendant *Fitzpatrick*, against the said plaintiff *Warren*."

*F. J. Dunn*, for plaintiff in error.

*Parley Eaton*, for defendant.

MILLER, J. The defendant in error *Warren* commenced this action of replevin before a justice of the peace, where a judgment was rendered for the defendant. *Warren* appealed to the district court, where also a verdict and judgment were rendered for the defendant. It appears by the record that the defendant was a common carrier, and as such carried boxes of goods for the plaintiff from

Galena to Mineral Point, and the parties not agreeing about the freight, the defendant retained the boxes, and the plaintiff instituted this action of replevin. The jury found the property to be in the defendant and valued it at $50. But, as, according to the evidence, the defendant had but about $2.00 interest in the goods, the court refused to enter judgment in his favor for the amount of $50, which would enable him to recover the whole amount of the plaintiff, and entered a judgment for a return of the property.

By the act regulating the action of replevin before justices of the peace, which is the law by which this case is to be disposed of, it is directed, that "if on the trial of the issue joined, the jury shall find for the defendant, then the value of such goods and chattels, together with adequate damages shall be assessed by such jury, and the justice shall thereupon render judgment in favor of the defendant for the value and damages so found by the jury." It appears evident that as the directions of this statute must be pursued, the court erred in rendering judgment for a return of the property. The difficulty presented in this case might be obviated in cases in which bailees or officers holding property by virtue of liens or executions are defendants, if the jury were to return specially the nature and extent of the defendant's interest. The court on such verdict could thereby render such judgment as to do exact justice to the parties.

The court erred in this case, by endeavoring to prevent the defendant from recovering more than he was honestly entitled to, according to the merits of the controversy between the parties.

The district court may with propriety from the facts in this cause order another trial, that a correct verdict may be rendered according to the extent of the interests of the parties.

The judgment of the district court must be reversed and the cause remanded for further proceedings according to law. Ordered accordingly.